IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALEXIS KOENIG, Individually and On Behalf of the Estate of Amira Micklin, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ASTRAZENECA, L.P., ASTRAZENECA )<br>P H A R M A C E U T I C A L S ,   L . P . , )<br>ASTRAZENECA, P.L.C., ASTRAZENECA- )<br>U.S., )<br><br>Defendants. ) | CIVIL NO.  05-770-GPM |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On December 1, 2005, this Court ordered Plaintiff to file an Amendment to the Complaint on or before December 19th to set forth the basis of this Court's jurisdiction and all necessary allegations attendant thereto to enable the Court to determine whether it has subject matter jurisdiction. *See, e.g., Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"). Plaintiff failed to do so. Accordingly, this action is **DISMISSED without prejudice** for lack of subject matter jurisdiction. *See Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996) (remanding case because "[l]itigants who call on the resources of a federal court must establish that the tribunal has jurisdiction, and when after multiple opportunities they do not demonstrate that jurisdiction is present, the appropriate response is clear"); *see also Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("Once again litigants' insouciance

toward the requirements of federal jurisdiction has caused a waste of time and money.").

        **IT IS SO ORDERED.**

        DATED:  01/27/06

                                      s/ G. Patrick Murphy
                                      G. PATRICK MURPHY
                                      Chief United States District Judge